Filed 1/23/25  P. v. Aguirre CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082098 |
| v. | (Super.Ct.No. RIF123528) |
| JOHNNY RAY AGUIRRE, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley, and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Johnny Ray Aguirre, Jr. appeals from the trial court's order denying his second petition for resentencing pursuant to Penal Code section 1172.6.[1]  For the reasons set forth *post*, we affirm the court's order.

## FACTUAL AND PROCEDURAL HISTORY

In September 2006 a jury convicted defendant and a fellow gang member, Joey Alfredo Diaz, of second degree murder for slaying 15-year-old Dominic Redd.  (§ 187, subd. (a); see *People v. Diaz et al.* (July 10, 2008, E041667) [nonpub. opn.] (*Diaz*) [upholding the convictions on direct appeal]; cf. § 1172.6, subd. (d)(3) [authorizing reference to procedural history stated in related appellate opinions]; accord, Cal. Rules of Court, rule 8.1115(b)(2).)  The jury found a gang-benefit allegation true (§ 186.22, subd. (b)), but rejected the allegation that Diaz personally used a deadly weapon (§ 12022, subd. (b)).

Tried with defendant and Diaz, but by a different jury, Edward Juan Cuellar was convicted of first degree special circumstances murder for killing Redd.  (§ 187, subd. (a), 190.2, subd. (a)(22) [murder while engaged in active gang participation, with specific intent to kill the victim]; see *Diaz*, *supra*, E041667.)  In addition to the special circumstance, the jury also found true the gang-benefit allegation (§ 186.22, subd. (b)).  The trial court sentenced defendant and Diaz to prison terms of 15 years to life and Cuellar to life in prison without the possibility of parole.

---

[1]  All further undesignated statutory references are to the Penal Code.

The factual background of the crime as stated in our prior opinion indicated that defendant and his cohort chased their victim into an apartment complex, "jumped on Redd and beat him," and, "[d]uring the brawl, one of the three defendants pulled out a knife and stabbed Redd 13 times," killing him.[2] (*Diaz, supra*, E041667.)

In September 2019 defendant filed a petition in the superior court under former section 1170.95, now renumbered section 1172.6, to vacate his murder conviction under the statute. The court denied the petition at the prima facie stage, noting the jury was not instructed on any theory of imputed malice such as felony murder or the natural and probable consequences doctrine, and defendant was therefore ineligible for relief.

In January 2023 defendant sought resentencing again under section 1172.6, which the court similarly denied at the prima facie stage. The court concluded again that the record contradicted his claims in his form petition that: (1) his conviction was due to a theory or theories of imputed malice and (2) "I could not now be convicted of murder because of" changes to the law of murder invalidating those theories.

**DISCUSSION**

Defendant contends the trial court erroneously denied his resentencing petition at the prima facie stage instead of ordering an evidentiary hearing under section 1172.6.

---

[2] We include this background to give context to defendant's claim in his present appellate challenge that his conviction resulted from the jury improperly imputing to him the requisite malice for murder that his codefendants may have harbored. Defendant does not suggest the trial court considered our prior opinion or improperly relied on facts recited in it to deny him relief. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 988 [facts as recited in a prior appellate opinion incompetent to preclude resentencing relief under § 1172.6, including "at the prima facie stage"]; accord, *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9.)

3

Denial at the trial court's initial " 'stage of prima facie review . . . is appropriate only if the record of conviction demonstrates that "the petitioner is ineligible for relief as a matter of law." [Citations.] This is a purely legal conclusion, which we review de novo.' " (*People v. Evrin* (2021) 72 Cal.App.5th 90, 101.)

As a preliminary matter, the People contend that collateral estoppel precluded defendant's second section 1172.6 petition. Successive petitions under the statute are not barred when there has been a "change in the law affecting the petitioner." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 951.) We therefore turn to defendant's claim that enactment of Senate Bill No. 775 (2021-2022 Reg. Sess.) amending section 1172.6 since his first petition, as well as subsequent case law, require the conclusion his resentencing petition is not barred as a matter of law.

A.    GOVERNING LAW

Effective January 1, 2019, Senate Bill No. 1437 restricted the scope of the felony murder rule by amending section 189, and it eliminated liability for murder under the natural and probable consequences doctrine by amending section 188. (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 930 (*Berry-Vierwinden*).) The amendments to section 188 in particular provided that, when the felony murder rule does not apply, a principal in the crime of murder can only be convicted if he or she acted "with malice aforethought," specifying further that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill No. 1437 also established the procedures now codified in section 1172.6 to allow defendants convicted of murder before the bill's enactment to petition the sentencing court to vacate their conviction and resentence them on any remaining counts. (See *People v. Strong* (2022) 13 Cal.5th 698, 708.)

The petition process requires the defendant to make a prima facie showing that all requirements for eligibility are met. (See § 1172.6, subd. (b)(1)(A); *People v. Lewis* (2021) 11 Cal.5th 952, 960, 971.) One of those requirements is that the defendant "could not presently be convicted of murder or attempted murder *because of* changes to Section 188 or 189" made by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3), italics added.) That requirement did ***not*** change with the enactment of Senate Bill No. 775. Echoing Senate Bill No. 1437's original amendment of section 188, Senate Bill No. 775 amended section 1172.6 to specify that eligibility for resentencing includes not only those convicted of felony murder or murder under the natural and probable consequences doctrine, but also those convicted of murder under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a); see *Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 930, fn. 5.)

Because section 1172.6, subdivision (a)(3), still requires as a condition of eligibility for resentencing that the defendant "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made by Senate Bill No. 1437, "a court may deny the [defendant's resentencing] petition at the prima facie stage if the record of conviction conclusively establishes that the petitioner was convicted on a theory not affected by Senate Bill No. 1437." (*Berry-Vierwinden*, *supra*,

97 Cal.App.5th at p. 931; accord, e.g., *People v. Williams* (2022) 86 Cal.App.5th 1244, 1257-1258; *People v. Harden* (2022) 81 Cal.App.5th 45, 47-48, 59-60.)

"It is well settled that [Senate Bill No. 1437] 'does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought.' " (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1252.)

B.     DEFENDANT'S CONTENTIONS AND OUR ANALYSIS

Defendant contends he is not precluded from relief under section 1172.6 because, at his trial, "the standard instructions on aiding and abetting and implied malice murder permitted the jury to return a conviction for an accomplice based on imputed malice," rather than as a direct aider and abettor. In essence, he argues the instructions "did not . . . refute his allegations for relief as a matter of law," but instead bolstered his claim.

Defendant rests his argument for error on Senate Bill No. 775's broad language authorizing resentencing petitions under section 1172.6 when a defendant has been convicted of murder under a theory of imputed malice and on two recent appellate decisions, *People v. Maldonado* (2023) 87 Cal.App.5th 1257 (*Maldonado*) and *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*).

We are not persuaded by defendant's argument, which has been rejected by a line of cases from the Fourth District, Division One that explain the contention's origin and fatal flaw. (*People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 932-937; *People v. Flores* (2023) 96 Cal.App.5th 1164 (*Flores*); *People v. Burns* (2023) 95 Cal.App.5th 862 (*Burns*).

6

*Berry-Vierwinden* addressed the origin of the argument beginning with the defendant's reliance there, as defendant does here, on *Maldonado*, which relied on prior decisions in *People v. Powell* (2021) 63 Cal.App.5th 689, 278, and *Langi*, *supra*, 73 Cal.App.5th 972. *Berry-Vierwinden* summarized that history as follows: "In *Powell*, a direct appeal, the court ruled that CALCRIM No. 401 on direct aiding and abetting liability was 'not tailored' for aiding and abetting a second degree implied malice murder, because it did not make clear that the aider and abettor must 'intend the commission of the perpetrator's *act*, the natural and probable consequences of which are dangerous to human life, intentionally aid in the commission of that act and do so with conscious disregard for human life.' (*Powell*, at p. 714[.]) In *Langi*, the court extended this holding to a section 1172.6 proceeding and concluded that the instructional error identified in *Powell* permitted the jury to convict the defendant of aiding and abetting a second degree murder on a theory of imputed malice, making him eligible for relief under the statute as amended by Senate Bill No. 775. (*Langi*, at pp. 978-984[.]) *Maldonado* in turn found that, because first degree murder by lying in wait may also be based on implied malice, the reasoning of *Langi* similarly applied to a conviction of aiding and abetting first degree murder by lying in wait under CALCRIM Nos. 401, 520, and 521. (*Maldonado*, *supra*, 87 Cal.App.5th at p. 1266[.])" (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at pp. 932-933; see also *People v. Reyes* (2023) 14 Cal.5th 981, 991-992 [endorsing *Powell*'s identification and discussion of the elements of direct aiding and abetting of implied malice murder].)

Defendant here relies on this same chain of reasoning, particularly *Langi* as it similarly involved a second degree murder conviction assertedly obtained on grounds of imputed implied malice based on similar aiding and abetting instructions given there and here, instead of direct aiding and abetting under those instructions. (CALCRIM No. 401; see *Langi*, *supra*, 73 Cal.App.5th at p. 981, 983 [former CALJIC No. 3.01, which court recognized as effectively "identical in relevant substance" to CALCRIM No. 401]; cf. *Maldonado*, *supra*, 87 Cal.App.5th at pp. 1264-1267 [acknowledging jury there "was not required to construe the instructions in [a] manner" suggesting conviction based on implied malice, but finding § 1172.6 resentencing eligibility remained open because jury "could have reasonably" done so].)

*Berry-Vierwinden* highlighted the flaw in *Langi*'s and *Maldonado*'s shared analysis by first hearkening back to the seminal high court decision in *People v. McCoy* (2001) 25 Cal.4th 1111 (*McCoy*). The appellate court explained: "As we noted in *Flores*, the Supreme Court's 2001 decision in *McCoy* made 'clear . . . that "when guilt does not depend on the natural and probable consequences doctrine, . . . the aider and abettor must know and share the murderous intent of the actual perpetrator." ' (*Flores*, *supra*, 96 Cal.App.5th at p. 1173 & fn. 4 . . . [quoting *McCoy* . . . ]; see also *Burns*, *supra*, 95 Cal.App.5th at p. 868 . . . ['The Supreme Court's *McCoy* decision . . . made clear that the direct perpetrator's mental state could not be imputed to an aider and abettor, whose mental state had to be independently evaluated.'].) After the Supreme Court's 2001 decision in *McCoy*, it was unmistakable that a direct aider and abettor's 'mental state is

her own; she is liable for her mens rea, not the other person's.' " (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 935.)

The *Berry-Vierwinden* court continued: "By arguing that the jury instructions allowed the jury to convict him as a direct aider and abettor of murder on an imputed malice theory, Berry-Vierwinden is necessarily asserting that they were erroneous under the law in effect at the time of his 2010 trial and subsequent direct appeal. Under *Burns* and *Flores*, however, a section 1172.6 petitioner cannot establish a prima facie case for relief by asserting that the jury instructions permitted conviction on a theory of imputed malice that was *already* prohibited even *before* the enactment of Senate Bill No. 1437. This amounts to 'a routine claim of instructional error' that 'could have been raised on appeal from the judgment of conviction.' (*Flores*, *supra*, 96 Cal.App.5th at p. 1173[.]) 'Section 1172.6 does not create a right to a second appeal, and [Berry-Vierwinden] cannot use it to resurrect a claim that should have been raised in his [direct] appeal.' (*Burns*, *supra*, 95 Cal.App.5th at p. 865 . . .; see also . . . *People v. Farfan*[, *supra*,] 71 Cal.App.5th 942, 947 . . . [section 1172.6 'does not afford the petitioner a new opportunity to raise claims of trial error'].)" (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 936.)

Finally, *Berry-Vierwinden* explained: "To the extent *Maldonado* and *Langi* can be read to suggest that such an instructional error may be asserted as a basis for section 1172.6 relief—even if the alleged error could have been raised on direct appeal under then-existing law not changed by Senate Bill No. 1437—we disagree for two reasons. First, such a result would be inconsistent with our decisions in *Burns* and *Flores*.

9

Second, as we noted in those cases, the courts in *Maldonado* and *Langi* did not consider the language of section 1172.6, subdivision (a)(3) requiring that defendants show they can no longer be convicted of murder 'because of changes' made by Senate Bill No. 1437. (*Burns*, *supra*, 95 Cal.App.5th at p. 868, fn. 7 . . .; *Flores*, *supra*, 96 Cal.App.5th at p. 1174[.])" (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 936.)

We find this reasoning persuasive, including because the *Berry-Vierwinden* line of cases postdated the enactment of Senate Bill No. 775 and found nothing in it to support a contrary conclusion. We therefore reject defendant's reliance on *Maldonado* and *Langi*.

Defendant's further arguments asserting error in the trial court's prima facie decision are also without merit. Defendant suggests that "[i]f anything, the instructions in this case were more flawed than those in *Langi*," pointing to CALCRIM No. 400. Defendant suggests authorization of a finding of imputed malice lurked in the instruction's language that stated, without further elaboration: "Under some specific circumstances, if the evidence establishes aiding and abetting of one crime, a person may also be found guilty of other crimes that occurred during the commission of the first crime." *People v. Estrada* (2022) 77 Cal.App.5th 941, 946-948, rejected this contention in light of the other instructions given to the jury, which were likewise given here (CALCRIM Nos. 401, 520, 521). Moreover, defendant's claim of alleged instructional error that predated Senate Bill Nos. 1437 and 775 would still falter under *Berry-Vierwinden* et al., as discussed.

Finally, defendant's invocation of the rule of lenity (see *People v. Manzo* (2012) 53 Cal.4th 880, 889) also fails, premised as it is on grounds of alleged ambiguity arising

10

with the broad language concerning imputed malice added to section 1172.6 by Senate Bill No. 775.  That language, as discussed, did not alter the requirement that a defendant's eligibility for resentencing relief still must arise after that enactment "because of" changes to the law of murder.  (§ 1172.6, subd. (a)(3).)  That was not the case here.

## DISPOSITION

The trial court's ruling denying defendant's second resentencing petition under section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
_____
Acting P. J.

We concur:

CODRINGTON
_____
J.

RAPHAEL
_____
J.

11